UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

TEAM SERVICES, INC.,

  Plaintiff,

vs.

DIEBOLD NIXDORF, INC.,

  Defendant.

**COMPLAINT**
**(Jury Trial Demanded)**

Plaintiff, Team Services, Inc. ("Plaintiff" or "Team Services"), hereby sues Diebold Nixdorf, Inc. ("Defendant" or "Diebold"), and states the following:

**NATURE OF THE ACTION**

1. This is an action for damages, arising from Diebold's failure to pay Team Services for bank vault services that it provided to Diebold pursuant to the contract between the parties.

**THE PARTIES, JURISDICTION, AND VENUE**

2. Team Services is a New Jersey corporation with its principal place of business in Sussex, New Jersey.

3. Diebold is an Ohio corporation with its principal place of business in North Canton, Ohio.

1

4. This Court has diversity subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the Parties are citizens of different States and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over Diebold because Team Services performed work for Diebold in this District under the applicable contract. Additionally, Diebold is licensed in the State of Florida, and Diebold has established corporate offices and a regional headquarters in Miami, Florida.

6. Venue is proper in the Southern District of Florida because the causes of action arose in, among other places, Miami-Dade County, Florida.

7. All conditions precedent to bringing and maintaining this action have been satisfied, performed, or waived.

## GENERAL ALLEGATIONS

8. Diebold dominates the national bank vault services market. It has contracts with virtually every large bank in the country.

9. Prior to the events giving rise to this case, Team Services was a successful services company. Team Services had, at its peak, over 250 technicians and other employees performing services for Diebold. It was recognized nationally as a Certified Woman-Owned Company. It was also named one of the 5,000 fastest growing companies in the United States on three separate occasions.

10. Team Services was Diebold's subcontractor for over 20 years—across more than 30 states—and provided most of Diebold's bank vault services on the premises of Diebold's bank customers.

11. In 2010, Team Services and Diebold entered into a Subcontractor Agreement, a true an accurate copy of which is attached hereto as "Exhibit A."

12. The Subcontractor Agreement defined the terms of Team Services' bank vault services work and the required amounts that Diebold would pay for such work.

13. Bank vault services are labor intensive. Team Services was required to send its employees to Diebold clients around the country in order to complete thousands of contract jobs at Diebold's direction. Team Services' vendors, who supplied tools and materials, and Team Services' direct employees had to be paid in order to complete the jobs successfully.

14. Diebold has utilized these services and resources, but it has failed to pay Team Services. Diebold's failure to pay Team Services for its services has resulted in serious financial harm to Team Services, while also ruining its reputation in the bank vault services industry.

15. In 2015, payments for services that Diebold received from Team Services exceeded $10 million—all of Team Services' revenue. That number fell to $4 million in 2018 and to $0 by 2019.

16. In 2017, Team Services and Diebold also entered into a Non-Disclosure Agreement, a true and accurate copy of which is attached hereto as "Exhibit B."

17. The Non-Disclosure Agreement was, among other purposes, designed to protect Team Services' investment in the training of its skilled employees. To that end, it included provisions preventing the disclosure or dissemination of Team Services' technical and non-technical information and a non-solicitation provision protecting Team Services' investment in its employees' training.

56507498;1

18. Diebold terminated its business relationship with Team Services in 2019. At that time, Diebold owed Team Services several million dollars for services already performed by Team Services under the Subcontractor Agreement.

## COUNT I
### Breach of Contract (Subcontractor Agreement)

19. Team Services realleges and incorporates Paragraphs 1 through 18 as if fully set forth herein.

20. Team Services and Diebold entered into a valid contract pursuant to the Subcontractor Agreement.

21. Diebold materially breached the Subcontractor Agreement by failing to pay Team Services monies owed for services rendered by Team Services under the Agreement.

22. As a result of Diebold's material breach, Team Services has incurred significant damages, including loss of millions of dollars.

## COUNT II
### Breach of Contract (Non-Disclosure Agreement)

23. Team Services realleges and incorporates Paragraphs 1 through 18 as if fully set forth herein.

24. Team Services and Diebold entered into a valid contract pursuant to the Non-Disclosure Agreement.

25. In breach of the Non-Disclosure Agreement's non-solicitation provision, Diebold has solicited, directly hired, and/or facilitated other competitors' hiring of Team Services' employees.

26. Diebold's breach of the non-solicitation provision constitutes a material breach of the Non-Disclosure Agreement.

27. Team Services has been damaged by Diebold's material breach, including damages resulting from the departure of numerous employees from Team Services and the eventual collapse of the Team Services business.

## PRAYER FOR RELIEF

WHEREFORE, Team Services, Inc. respectfully requests that this Court: (i) enter judgment in Team Services, Inc.'s favor and against Diebold Nixdorf, Inc.; (ii) grant Team Services, Inc. an award for its general and special damages, including all interest, fees, and costs permissible by law; and (iii) award any other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Team Services demands a trial by jury on all issues so triable.

Dated: February 12, 2021

    Respectfully submitted,

    **AKERMAN LLP**

    By: /s/ *Gera R. Peoples, Esq.*
        Gera R. Peoples, Esq. (FBN 450022)
        gera.peoples@akerman.com
        Lawrence D. Silverman, Esq. (FBN 007160)
        lawrence.silverman@akerman.com
        Akerman LLP
        Three Brickell City Centre
        98 Southeast Seventh Street, Suite 1100
        Miami, FL 33131
        Telephone: (305) 374-5600
        Fax: (305) 374-5095

    *Attorneys for Plaintiff Team Services, Inc.*

56507498;1